Wash, J.,
delivered the opinion of the Court.
Purdom was indicted under the 89th section of the act concerning crimes and punishments. The indictment charges that he “ suffered a certain gambling device, to wit: a pack of cards, at which said gambling device money was then and there won and lost, to he then and there used in the grocery of said Thomas A. Purdom, and that said grocery was then and there in the possession of and use of said Thomas,” &e. The defendant demurred and had judgment, to reverse which the plaintiff has-come with her writ of error into this Court.
The 87th section of the act above referred to, provides a punishment for the keepers of certain gambling tables “ commonly called A. B. C., Faro Bank, E. 0., Roulette, Equality, or any other kind of gaming table or tables,” &c.
The 88th section of the same act provides a punishment for persons “ who shall at any time win, or lose, or bet, in money, goods or chattels, on any of the games played at the tables aforesaid, or at any other gaming table, or any game of cards, or at any other gambling device whatever,” &c.
And the 89th section provides “ that if any person or persons shall suffer any of the gaming tables above enumerated, or other gaming table or gambling device, at which any game of chance is played, or money or property won or lost,, to be set up or used in his or her house, &c., he shall forfeit,” &c.
The only question submitted for the consideration of this Court is, whether the offence charged is provided for in the 89th section above referred to. That cards are a gambling device, and are to Be so considered, seems very clear from the provisions of the 88th section. The object of the 89th section was to prevent the winning or losing of money or property j whether at games of chance on the tables enumerated and described, or at games of skill, or partly of chance and partly of skill, played by or upon any other gambling device, is no way material. The indictment charges that the defendant permitted a pack of cards to be used, and that money was won, and lost, &c. We think it clear that the statute intended to punish such offences.
The judgment of the Circuit Court, sustaining the defendant’s demurrer to the indictment, is therefore erroneous and must be reversed with costs, and the cause is remanded for further proceeding.
M’Gibk, C. 3.,
My opinion is, that the indictment should show that some game of chance V® played, and that by that, money or property was won or lost.